IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROLYNNE PARK** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 02 CV 3185** |
| | : | |
| **UNUM LIFE INSURANCE COMPANY** | : | |
| **OF AMERICA** | : | |

## *ORDER*

*AND NOW,* this        day of                    , 2002, upon consideration of the Motion to Dismiss Plaintiff's Complaint of Defendant, UNUM Life Insurance Company of America, pursuant to Rules 12 (b)(6) and 56 of the Federal Rules of Civil Procedure, and the response, if any, thereto, it is hereby ***ORDERED AND DECREED*** that said Defendant's Motion is ***GRANTED*** and that

1)   Counts I and II of Plaintiff's Complaint are hereby ***DISMISSED*** with prejudice as the same are subject to ERISA federal preemption.

2)   The remainder of Plaintiff's Complaint pursuant to the well pleaded complaint rule is recharacterized as an ERISA count.

*BY THE COURT:*

_____
***J.***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYNNE PARK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02 CV 3185 |
| | : | |
| UNUM LIFE INSURANCE COMPANY | : | |
| OF AMERICA | : | |

MOTION TO DISMISS OF DEFENDANT,
UNUM LIFE INSURANCE COMPANY OF AMERICA

Defendant, UNUM Life Insurance Company of America (hereinafter "UNUM Life"), by and through its attorneys, White and Williams LLP, respectfully submit the following Motion to Dismiss Pursuant to Rules 12 (b)(6) and 56 of the Federal Rules of Civil Procedure and in support thereof aver as follows:

1. Plaintiff, Carolynne Park ("Plaintiff" or Ms. Park") commenced this action by filing a Complaint in the Court of Common Pleas of Chester County, Pennsylvania. A copy of this Complaint is submitted herewith as Exhibit "1".

2. On or about May 23, 2002, Moving Defendant, UNUM Life filed a Notice of Removal to this Court on the basis of ERISA federal question and diversity jurisdiction.

3. Underlying this matter is Plaintiff's assertion in her Complaint that UNUM Life issued a policy of disability insurance, numbered 339394 001, under which she claims entitlement to disability benefits. Plaintiff's Complaint ¶¶ 3-12.

4. Plaintiff alleges in her Complaint that in or about May, 1998 she became ill/injured and her injury/illness amounted to a permanent disabling sickness, that she submitted claims for disability benefits under the UNUM Life policy and that, although UNUM Life initially paid disability benefits

under these policies through October 27, 2000, these benefits were thereafter denied. Plaintiff's Complaint ¶¶ 4-8.

5. The UNUM Life policy, a copy of which is purportedly attached as Exhibit "A" to Plaintiff's Complaint, is clearly a group long term disability policy issued to Plaintiff's employer, Fiserv, Inc., under which Plaintiff, as an employee of Fiserv, Inc. was insured. See Exhibit "A" to Plaintiff's Complaint.

6. Fiserv, Inc., as is clear from the face of Exhibit "A" of Plaintiff's Complaint, is the "Owner" of the subject UNUM Life policy. Plaintiff's Complaint, Exhibit "A".

7. The UNUM Life policy is thus part of an employee welfare benefit plan subject to ERISA.

### I.   *MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT ON THE BASIS OF FEDERAL PREEMPTION*

8. Moving Defendant incorporates herein by reference, as though set forth in full the averments of paragraphs 1 through 7 above.

9. In the Plaintiff's Complaint, Plaintiff asserts state law claims as follows:

   Count I   -   Breach of Contract

   Count II  -   Special Damages (42 Pa. C.S.A. §8371)
                 [Bad Faith]

10. Neither of these counts validly set forth a cause of action against Moving Defendant because under ERISA, Plaintiff's Complaint raises a federal question and is subject to federal preemption.

11. Plaintiff also demands damages in Counts I and II of her Complaint, including but not

limited to punitive damages, as well as a mandatory injunction. Punitive damages, consequential monetary damages and mandatory injunctions are not available under ERISA.

12. Because the disability policy under which Plaintiff seeks benefits is an ERISA plan, federal ERISA law applies and preempts the state law claims and demands set forth in Plaintiff's Complaint.

13. Hence, Plaintiff has failed to state a claim against Moving Defendant in Counts I and II of her Complaint, which should be dismissed, and only the paragraphs consistent with ERISA 29 U.S.C. §1132(a)(1)(B), [§502(a)(1)(B)] ), should survive the instant Motion. Additionally, pursuant to the well pleaded complaint rule, the remaining paragraphs should be restyled as a breach of contract count. Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987).

**WHEREFORE**, UNUM Life Insurance Company of America, for all the foregoing reasons and those set forth in the attached Brief in Support, respectfully requests that the Court enter an Order granting its Motion to Dismiss Counts I and II of Plaintiff's Complaint, and pursuant to the well pleaded complaint doctrine, restyle the remainder of the Complaint as a breach of contract count.

*WHITE AND WILLIAMS LLP*

By: _____
*ANDREW F. SUSKO, ESQUIRE*
*COLLEEN A. GALBRAITH, ESQUIRE*
Attorney I.D. Nos. 35664/76577
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-6228/7031
Attorneys for Defendant,
UNUM Life Insurance Company

Dated: May 31, 2002					of America