*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| *CAROLYNNE PARK* | : | *CIVIL ACTION* |
| | : | |
| *v.* | : | *NO. 02 CV 3185* |
| | : | |
| *UNUM LIFE INSURANCE COMPANY* | : | |
| *OF AMERICA* | : | |

*BRIEF IN SUPPORT OF THE MOTION TO DISMISS*
*OF DEFENDANT, UNUM LIFE INSURANCE COMPANY OF AMERICA*

Pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, Defendant UNUM Life Insurance Company of America, by and through its attorneys, White and Williams LLP, hereby submits this Brief in support of its Motion to Dismiss.[1]  This Court should Dismiss Counts I and II of the Plaintiff's Complaint because the pleadings and claim of Plaintiff, Carolynne Park, establish that there is no genuine issue as to any material fact in connection with those Counts and that Moving Defendant is entitled to judgment as a matter of law.  Specifically, because Plaintiff's claims are governed by the Employee Retirement Income Security Act, ("ERISA"), the state law claims and demands at Counts I and II of Plaintiff's Complaint are preempted and Plaintiff's exclusive remedy, if any, lies under the civil enforcement scheme of ERISA.  Thus, this Court should dismiss Counts I and II of Plaintiff's Complaint with prejudice, and pursuant to the well pleaded complaint rule, the remaining paragraphs should be restyled as a breach of contract count.

---

[1] Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, if the Court deems matters outside the pleadings are being presented, the Motion can be treated as one for Summary Judgment.  However, "[T]he Third Circuit has held that consideration of 'an undisputedly authentic document that a defendant attaches as an Exhibit to a Motion to Dismiss' does not require that the Motion to Dismiss be converted into a Motion for Summary Judgment 'if the plaintiff's claims are based on the document.'" <u>Vosgerichian v. Commodore International</u>, 862 F. Supp. 1371, 1375 (E.D. Pa. 1994), <u>citing</u> <u>Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.</u>, 998 F. 2d 1192, 1196 (3rd Cir. 1993).

# *I.  PROCEDURAL HISTORY*

Plaintiff, Carolynne Park ("Plaintiff" or "Ms. Park") commenced this action by filing a Complaint in the Court of Common Pleas of Chester County, Pennsylvania.   A copy of this Complaint is submitted herewith as Exhibit "1."  On or about May 23, 2002, Moving Defendant UNUM Life filed a Notice of Removal to this Court on the basis of ERISA federal question and diversity jurisdiction.

Because Plaintiff's claims are governed by ERISA,  her state law claims and demands at Counts I and II of the Complaint are preempted.

# *II. STATEMENT OF FACTS*

Underlying this matter is Plaintiff's assertion in her Complaint that UNUM Life Insurance Company of America issued policy of disability insurance, numbered 339394 00, under which she claims entitlement to disability benefits.  See Plaintiff's Complaint, ¶¶ 3-12.  Plaintiff claims in her Complaint that in or about May, 1998 she became unable to perform the material duties of his occupation, that she submitted claims for disability benefits under the UNUM Life policy and that, although initially paid disability benefits under these policies through October 27, 2000, these benefits were thereafter denied.  Plaintiff's Complaint, ¶¶ 4-8.

In the Plaintiff's Complaint, Plaintiff asserts state law claims as follows:

|  | | |
|---|---|---|
| Count I | - | Breach of Contract |
| Count II | - | Special Damages (42 Pa. C.S.A. §8371) [Bad Faith] |

None of these counts validly set forth a cause of action against Moving Defendant because

under ERISA, Plaintiff's Complaint raises a federal question and is subject to federal

preemption.  Plaintiff also demands damages in Counts I and II of her Complaint, including but

not limited to punitive damages and requests a mandatory injunction.  Punitive damages,  consequential

monetary damages and mandatory injunctions are not available under ERISA.

Because the disability policy under which Plaintiff seeks benefits with UNUM Life is part of an

ERISA plan, federal ERISA law applies and preempts the state law claim and demands set forth in

Plaintiff's Complaint.

### IV.  ARGUMENT

A.     *The Policy Under Which The Plaintiff Seeks Benefits*
       *Is Part Of An ERISA Plan*

This Court should grant Defendant's Motion to Dismiss because the policy under which Plaintiff

seeks benefits is part of an ERISA plan.  For that reason, ERISA preempts Plaintiff's state law causes

of action.  Plaintiff seeks long term disability benefits under a policy of insurance issued by UNUM Life

that she obtained, according to her Complaint, by virtue of her employment with Fiserv, Inc.  The

policy under which Plaintiff seeks benefits was a group policy and/or a policy established and/or

maintained by her employer as part of an employee welfare benefit plan.  Thus, under prevailing law,

Plaintiff's claims are governed exclusively by ERISA.

ERISA governs employee welfare benefit plans.  ERISA sets forth five elements for a plan,

fund, or program to constitute an "employee welfare benefit plan":

(1)     A plan, fund, or program,
(2)     Established or maintained,

(3)    By an employer,

(4)    For the purpose of providing disability benefits,

(5)    To participants or their beneficiaries.

29 U.S.C. § 1002(1) (paraphrased in pertinent part). See also Donovan v. Dillingham, 688 F.2d 1367,

1371 (11th Cir. 1982).  The policy at issue satisfies all five elements of the statutory definition of an

"employee welfare benefit plan" as set forth above.

The Donovan case established the standard for determining whether an employee benefit

program constitutes an ERISA plan under criterion (1) above:

> [A] 'plan, fund, or program' under ERISA is
> established if from the surrounding circumstances a
> reasonable person can ascertain the intended benefits, a
> class of beneficiaries, the source of financing, and the
> procedures for receiving benefits.

688 F.2d at 1373.  In this case, the facts unequivocally show that the disability benefit plan under which

Plaintiff seeks benefits meet the Donovan standard:  A reasonable person could readily ascertain the

"intended benefits" (disability insurance benefits as set forth in the policies);  the "class of beneficiaries"

(eligible employees); the "source of financing" (the disability premium payments as arranged by the

employers); and a "procedure for receiving benefits" (the procedure for submitting a claim as set forth in

the policies).  In fact, in the instant matter the policyholder or owner with respect to the policy is

identified in the exhibit attached to the Complaint, as Plaintiff's employer, Fiserv, Inc.  Thus, the

disability policy at issue is part of a "plan, fund or program" under ERISA.

Plaintiff's employer established and maintained the disability plan at issue as an employee

benefit.  Accordingly, Donovan criterion (2), referenced above, has been met in this case.

The plan also satisfies criteria 3, 4, and 5 of the statutory definition of an "employee welfare

-4-

benefit plan" under ERISA.  There is no dispute that Plaintiff's employer was an  "employer" as defined

by ERISA.  There is also no dispute that the benefits offered to designated employees are the type of

benefits (disability) described in ERISA.  Finally, Plaintiff was eligible for disability coverage by virtue of

her employment.  Thus, the disability insurance policy under which Plaintiff seeks benefits in this action

are part of an employee welfare benefit plan governed by ERISA.

### B.     ERISA Preempts Plaintiff's State Law Claims Mandating Dismissal of Plaintiff's Complaint

This Court should dismiss Counts I and II of Plaintiff's Complaint because ERISA preempts all

state laws that "relate to" employee welfare benefit plans.  Pilot Life Insurance Company v. Dedeaux,

481 U.S. 41 (1987).  ERISA provides that the rights, regulations and remedies afforded by that statute

"supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit

plan".  29 U.S.C. § 1144(a).  ERISA defines the term "state law" broadly to include "all laws,

decisions, rules, regulations, or other State action having the effect of law, of any state."  29 U.S.C. §

1144 (c) (1).

The United States Supreme Court has repeatedly made it clear that the preemption provisions

of ERISA are extremely broad.  Pilot Life, 481 U.S. at 45-46 ("The express preemption provisions of

ERISA are deliberately expansive.");  Shaw v. Delta Airlines, Inc., 463 U. S. 85, 96 (1983) ("The

breadth of [29 U.S.C. § 1144 (a)'s] pre-emptive reach is apparent....").  The United States Supreme

Court has employed a similarly broad definition in determining whether a law  "relates to" an employee

welfare benefit plan.  A state law "'relates to' a benefit plan...if it has a connection with or reference to

such a plan".  Shaw, 463 U.S. at 96-97.  Furthermore, because Congress used the phrase "relate to" in

its broad sense, the United States Supreme Court has "emphasized that the pre-emption clause is not

limited to 'state laws specifically designed to affect employee benefit plans'".  Pilot Life, 481

U.S. at 47-48.  Accord Shaw, 463 U.S. at 98 (preemption clause should not "be interpreted to

preempt only state laws dealing with the subject matters covered by ERISA - reporting, disclosure,

fiduciary responsibility, and the like").

      Plaintiff's state law claims and demands in Counts I and II of the Complaint arise out of her

claim for disability benefits from UNUM Life.  The United States Supreme Court has held that state

law claims that assert improper processing of claims for benefits are preempted by ERISA.  Pilot Life.

Not unlike the state law claims held preempted in Pilot Life, the very bases of Plaintiff's state law claims

in this action are that UNUM Life denied Plaintiff's claims for benefits under the disability insurance

policy.  As such, Plaintiff's state law claims "relate to" ERISA employee welfare benefit plans and,

therefore, Plaintiff's state law claims are preempted by ERISA.

      Regardless of how the state law causes of action are characterized, the federal appellate Courts

have repeatedly given the preemptive provision of ERISA a sweeping scope.  See Pilot Life, supra,

(state common law breach of contract, fraud, and bad faith claims preempted by ERISA);

Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58 (1987) (common law breach of contract

and tort claims for mental anguish preempted by ERISA);  Smith v. Dunham-Bush, 959 F.2d 6 (2nd

Cir. 1992) (contract, tort, and oral promises preempted);  Reichelt v. Emhart Corp., 921 F.2d 425

(2nd Cir. 1990) (breach of contract claim preempted); Pane v. RCA Corp., 868 F.2d 631 (3rd Cir.

1989); (breach of contract, breach of covenants of good faith and fair dealing and claim of intentional

infliction of emotional distress preempted); Ragan v. Tri-County Excavating, Inc., 62 F.3d 501, 512

(3rd Cir. 1995) ("[E]ven a common law cause of action is preempted by ERISA if it conflicts directly with an ERISA cause of action.").  Accordingly, Plaintiff's state law causes of action are preempted by ERISA.

Within the United States Court of Appeals for the Third Circuit, the District Courts have repeatedly upheld the ERISA preemption as applied to common law, bad faith, breach of contract and related claims.

In Garner v. Capital Blue Cross, 859 F. Supp. 145 (M.D. Pa. 1994) Judge Caldwell dismissed each of Plaintiff's counts/claims on the basis of ERISA preemption.  The Garner case arose out of the denial of health benefits pursuant to an employee-benefit plan.  Plaintiff brought counts/claims sounding in breach of contract, bad faith, fraud, negligent infliction of emotional distress, violation of the covenants of good faith and fair dealing, wrongful death and survival.  Finding that a proper ERISA claim had not been pled and that each count or claim pled was preempted by ERISA, the Court held that "ERISA does not contemplate an action such as that brought here."  Id. at 150.

In Ruth v. UNUM Life Insurance Company of America, 1994 U.S. Dist. LEXIS 12501 (E.D. Pa. September 2, 1994) (James T. Giles, J.), on facts somewhat similar to those of the instant matter, all of Plaintiff's claims were also dismissed on the basis of ERISA preemption.  There,  Cindy Ruth became totally disabled in October 1987 when she was diagnosed with Chronic Fatigue Syndrome and a number of related symptoms. See id.  at *2.  Pursuant to the terms of her disability policy, UNUM paid disability benefits of approximately $810.00 per month to Ruth from January 1988 through November 1992.  Id.  In November, 1992, however, UNUM terminated Ruth's benefits.  See id. at *3.  Thereafter, Ruth commenced an action for breach of contract and bad faith.  This Court

determined that Ruth's disability policy was part of a "plan" subject to ERISA.  See id. at *4.  Further, the Court determined that all of Ruth's claims were preempted by ERISA.  See id. at *18.  The Court dismissed the Complaint for failure to state a claim upon which relief could be granted.  Id.

Additional cases holding that state law causes of action such as those based upon breach of contract and bad faith are preempted by ERISA include the following: Murphy v. Metropolitan Life Insurance Co., 152 F.Supp. 2d 755 (E.D. Pa. 2001)(statutory state bad faith and consumer protection claims expressly preempted); Rinesmith v. UnumProvident Corp., 1:CV-01-0741(M.D.Pa. Jun. 29, 2001)(Mem.)(Sylvia H. Rambo, J.)(bad faith claim under 42 Pa.C.S.A. §8371 based on ERISA group disability policy preempted);  Tutolo v. Independence Blue Cross, 1999 U.S. Dist. LEXIS 6335 (E.D.Pa. May 6, 1999)(James McGirr Kelly, J.)(bad faith claims pursuant to Pa.C.S.A. §8371 preempted); Reilly v. Keystone Health Plan East, Inc., 1998 U.S. Dist. LEXIS 11337 (E.D. Pa. July 27, 1998) (Joseph L. McGlynn, J.);  Alberts v. Independence Blue Cross and Pennsylvania Blue Shield, 1996 U.S. Dist. LEXIS 17353 (E.D. Pa. November 22, 1996) (Clifford Scott Green, J.) ; Hall v. Hartford Life and Accident Insurance Company, 1995 U.S. Dist. LEXIS 2097 (E.D. Pa. February 23,1995) (James McGirr Kelly, J.);  Rallis v. Trans World Music Corporation, 1994 U.S. Dist. LEXIS 3514 (E.D. Pa. March 25, 1994) (Ronald L. Buckwalter, J.); Booz v. Unum Life Insurance Company, 1993 U. S. Dist. LEXIS 13143 (E.D. Pa. July 28, 1993) (Clarence C. Newcomer, J.); Gelzinis v. John Hancock Mutual Life Insurance Company, 1993 WL 131566 (E.D. Pa. 1993) (Hutton, J.); Northwestern Institute of Psychiatry v. Travelers Insurance Company, 1992 WL 331521 (E.D. Pa. 1992) (Yohn, J.).

   **C.    *Punitive And Consequential Monetary Damages And Mandatory***

*Injunctions Are Not Available Under ERISA*.

Plaintiff's ad damnum paragraphs, seeking, inter alia, a mandatory injunction and punitive and consequential monetary damages are invalid under ERISA.  ERISA, §502(a)(1)(B), provides a participant or beneficiary only a right to recover benefits.  Consequently, efforts to recover consequential monetary damages or punitive damages are precluded and not recoverable. Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 105, S.Ct. 3085, 87 L. Ed. 2d 96 (1985), Kemmerer v. ICI Americas, Inc., 70 F. 3d 281 (3d Cir. 1995).  See also Booz v. UNUM Life Insurance Company, 1993 U.S. Distr. LEXIS 13047 (1993) (injunctive relief unavailable under ERISA).

## V.  CONCLUSION

For all the foregoing reasons, and specifically because ERISA preempts Plaintiff's state law claims at Counts I and II of the Complaint and precludes punitive and consequential monetary damages and mandatory injunctions, Defendant, UNUM Life Insurance Company of America respectfully requests that this Court grant its Motion to Dismiss.  Plaintiff's state law claims in Counts I and II are preempted and pursuant to the well pleaded complaint rule, the remaining paragraphs should be restyled as a breach of contract count.

*Respectfully submitted,*

*WHITE AND WILLIAMS LLP*


*By: _____*

  *Andrew F. Susko, Esquire*
  *Colleen A. Galbraith, Esquire*
  *Attorney I.D. Nos. 35664/76577*
  *1800 One Liberty Place*
  *Philadelphia, PA 19103-7395*
  *(215)864-6228/7031*

  *Attorneys for Defendant,*
  *UNUM Life Insurance Company*
  *of America*


*Dated: May 31, 2002*

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| *CAROLYNNE PARK* | : | *CIVIL ACTION* |
| | : | |
| *v.* | : | *NO. 02 CV 3185* |
| | : | |
| *UNUM LIFE INSURANCE COMPANY* | : | |
| *OF AMERICA* | : | |

## CERTIFICATE OF SERVICE

I, Colleen A. Galbraith, Esquire, hereby certify that on this 31st day of May, 2002, I caused

true and correct copies of the foregoing Motion to Dismiss of Defendant, Unum Life Insurance

Company of America; Brief in Support of the Motion to Dismiss; Proposed Order and Exhibits to be

served upon the following persons, by placing same in the United States mail, first-class and postage

prepaid:

Susan Sacchetta, Esquire
PLATT, DIGIOGIO & DiFABIO
1800 E. Lancaster Avenue
Paoli, PA 19301

**WHITE AND WILLIAMS LLP**

By:_____
   **Colleen A. Galbraith, Esquire**
   **Attorney for Defendant,**
   **UNUM Life Insurance Company of America**

*Dated: May 31, 2002*

Doc#: 1187341 v1