IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYNNE PARK | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 02 CV 3185 |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY | : | |
| OF AMERICA | : | |
| Defendant | : | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion to Dismiss Plaintiff's Complaint of Defendant, Unum Life Insurance Company of America and the Response thereto, it is hereby ORDERED and DECREED that said Motion is granted in part and that Plaintiff's Complaint will be converted to Federal Court under ERISA.

_____J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYNNE PARK | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO. 02 CV 3185 |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY | : | |
| OF AMERICA | : | |
|     Defendant | : | |

**BRIEF OF PLAINTIFF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

For purposes of this Motion, Plaintiff does not dispute the Procedural History of the Statement of Facts.

**I.     ARGUMENT**

Plaintiff concedes that pursuant to 29 U.S.C. §1002(1) and Donovan v. Dillingham, 688 F.2d 1267, 1371 (11th Cir. 1982) that the policy under which Plaintiff seeks benefits is an employee welfare benefits plan and is subject to ERISA.

Now that this matter has been removed from State Court to Federal Court, Plaintiff's Complaint should be converted into an ERISA claim. Fed.R.Civ.P. 8(f) suggests that the Court should construe pleadings so as to do substantial justice. Converting Plaintiff's Complaint into an ERISA claim is more practical and more efficient procedure than dismissing Plaintiff's Complaint. In the case of Delong v. Teacher's Insurance and Indemnity Association, Civ.A. 99-1384, 2000 WL 426193 (E.D. Pa. March 29, 2000), the Court simply converted Plaintiff's completely preempted claims into Federal Claims under ERISA. Several Circuit Courts have endorsed this approach. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Circuit 1992); Carland v. Metropolitan Life Insurance Company, 935 F.2d 1114 (10th Circuit 1991).

It is obvious, from the language of Plaintiff's Complaint, specifically Count I, that she is

seeking to recover benefits due under her employer's disability plan. She also requests in her Complaint and seeks a declaration that she is entitled to continuing disability benefits. These allegations clearly state a claim for relief under §502 of ERISA even though there is no specific reference to the statute. Plaintiff's Complaint meets the requirements of §502 of ERISA and should be treated as such. <u>Murphy v. Metropolitan Life Insurance Company</u>, 152 F.Supp.2d 755 (2001).

In the alternative, Should this Court find that Plaintiff's Complaint should be dismissed, it should not be dismissed with prejudice. Should this Court find that Plaintiff's Complaint does not satisfy the requirements as set forth under §502 of ERISA said Complaint should be dismissed with leave for Plaintiff to file an Amended Complaint. <u>Cecchanecchio v. Continental Casualty Company</u>, Civ.A. 00-4925, 2001 WL 43783(E.D. Pa. January 19, 2001). Should the Court dismiss Plaintiff's claims as being pre-empted by ERISA leave to file an Amended Complaint bringing claims for relief under ERISA should be granted.

## II.  CONCLUSION

For all of the foregoing reasons, it is specifically requested that this Court convert Plaintiff's Complaint filed in State Court into Federal Court pursuant to ERISA.

Respectfully submitted,

SACCHETTA & BALDINO


By: _____
THOMAS F. SACCHETTA
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      Thomas F. Sacchetta, Esquire, attorney for Plaintiff, hereby certifies that a true and correct copy of the foregoing Plaintiff's Response to Defendant's Motion to Dismiss was served via First Class Mail on June 28, 2002 on the following:

Colleen Gailbrath, Esquire<br>
White and Williams, LLP<br>
1800 One Liberty Place<br>
Philadelphia, PA 19103-7395

                                                                                              _____<br>
                                                                                            THOMAS F. SACCHETTA<br>
                                                                                            Attorney for Plaintiff