IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CAROLYNNE PARK              : CIVIL ACTION
                            :
     v.                   : 
                            :
UNUM LIFE INSURANCE COMPANY  :
OF AMERICA                 : No. 02-3185

ORDER

AND NOW, this 12th day of July, 2002, on consideration of defendant's Motion to Dismiss (#2), plaintiff's Response (#4), and it **APPEARING** that:

A.    Plaintiff, bringing this action in state court, alleged breach of an insurance contract and bad faith under 42 Pa. C.S.A. § 8371.

B.    Defendant removed because the insurance contract was governed by ERISA, 29 U.S.C. § 1002.

C.    Defendant, now moving to dismiss plaintiff's complaint (#2), argues that ERISA completely preempts plaintiff's state law claims.  See Pilot Life Ins. Co. v. Dedeauz, 481 U.S. 41 (1987) (ERISA preempts all state laws relating to employee welfare benefit plans).

D.    Plaintiff concedes that her state law claims are preempted by ERISA, but requests that her complaint be converted into an ERISA claim instead of being dismissed.

E.    Even though the Federal Rules only require notice pleading, it is preferable to have a complaint that accurately states the basis for the cause of action asserted.  When a plaintiff's claims are completely preempted by ERISA, dismissal without prejudice to assert an ERISA claim is an appropriate course.  See, e.g., Brown v. Paul Revere, 2002 U.S. Dist. LEXIS 8994 (E.D. Pa. May 20, 2002); Miller v. Aetna Healthcare, 2001 U.S. Dist. LEXIS 20801 (E.D. Pa. Dec. 12, 2001); Cecchanecchio v. Continental Casualty Co., 2001 U.S. Dist. LEXIS 356 (E.D. Pa. Jan. 19, 2001); but see Murphy v. Metropolitan Life Ins. Co., 152 F. Supp. 2d 755, 757 (E.D. Pa. 2001) (converting plaintiff's complaint instead of dismissing it).  Any amended complaint will relate back to the initial filing date for limitations purposes under Fed. R. Civ. P. 15(c)(2).

It is **ORDERED** that:

    1.    Defendant's Motion to Dismiss (#2) is **GRANTED.** Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** to filing an amended complaint asserting claims under ERISA **<u>on or before JULY 31, 2002.</u>**

    2.    Any amended complaint will relate back to the filing date of plaintiff's original complaint.

_____

Norma L. Shapiro, S.J.