IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYNNE PARK | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 02 CV 3185 |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY | : | |
| OF AMERICA | : | |
| Defendant | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, by and through her attorney, Thomas F. Sacchetta, Esquire and avers as follows:

## PRELIMINARY STATEMENT

This action arises pursuant the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. and more particularly §1132(a)(1)(b) thereof.

## JURISDICTION

This court has jurisdiction over this matter pursuant to 29 U.S.C. §1132(e). It is also conferred jurisdiction by 28 U.S.C. §1332(a)(1)( ).

## BACKGROUND

1. Plaintiff, Carolynne Park, is citizen of the Commonwealth of Pennsylvania and an adult individual residing at 304 Griffen Street, Phoenixville, Pennsylvania 19460.

2. Defendant, Unum Life Insurance Company of America, is a citizen and a corporation of the State of Maine with an address located at 2211 Congress Street, Portland, Maine 04122.

3. In or about September of 1997, Defendant executed and delivered a policy of disability insurance to Plaintiff, Carolynne Park, bearing policy number 339394 001, accepting

Plaintiff for coverage under the group disability policy of Fiserv, Inc. A true and correct coy of the policy is attached hereto and marked Exhibit "A."

4. Prior to May of 1998, Plaintiff, Carolynne Park, became ill/injured and by May of 1998, her illness/injury caused her to be disabled and her injury/illness amounted to a disabling sickness as define by policy number 229293 001 which is permanent in nature.

5. At all relevant times, the Plaintiff insured and paid in full all premiums due on the policy and otherwise performed all conditions and covenants and did all things required of her by the terms of the policy.

6. From October 28, 1998 through October 27, 2000, Defendant paid to Plaintiff the sum of $2,355.16 per month when Defendant Stopped said payment without justification.

7. Subsequent to October 27, 2000, Plaintiff contacted and made a claim upon Defendant for continued disability benefits in the amount of $2,355.16 per month, which was due on the policy and owing to her as a result of her permanent disability sickness and which continues to be due until Plaintiff reaches the age of 65. Defendant insurance company, by and through its representatives, denied Plaintiff's claim.

8. Plaintiff has been totally disabled from working since May 1, 1998 and continues at the present time to be disabled pursuant to the terms of the policy.

9. As a result of and relying upon her reasonable belief that in completing the application she insured herself against a disabling sickness and having not been advised to the contrary by Defendant, Plaintiff relied to her detriment.

10. Plaintiff has made proper demand upon Defendant for payment of the benefits under the aforesaid insurance policy, and has not received same to date. Plaintiff has exhausted

all administrative remedies.

11. The disability policy issued by Defendant is intended to provide funds for Plaintiff's cost of living and was to be adjusted with cost of living increases.

12. Plaintiff's current disability prevents her from providing for such needs herself.

## COUNT I

13. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth herein at length.

14. Defendant is the plan administrator and fiduciary of the disability plan in question.

15. Despite Plaintiff's repeated oral and written requests, Defendant has failed to provide Plaintiff with the benefits due her under the terms of the policy and plan.

16. As a result of, and relying upon her reasonable belief that she was insured against a disabling injury, and having not been advised to the contrary by Defendant, Plaintiff relied to her detriment.

17. Plaintiff has made a proper demand upon Defendant for payment of benefits under the aforesaid policy and has not received same to date.

18. Defendant, by and through its agents, servants, workmen and employees, without good cause and in breach of its fiduciary duty, failed and refused and continues to fail and refuse to pay benefits to the Plaintiff.

19. The disability coverage afforded Plaintiff was intended to provide funds for food, shelter, medical expenses and other necessities for insured Plaintiff and her dependants in the event that Plaintiff became disabled.

20. Plaintiff's current disability prevents her from providing for such needs herself

and disability payments due Plaintiff under the plan and policy are the sole source of income for the Plaintiff and her family.

21. Defendant has failed to provide Plaintiff with the benefits due her which is in violation of the ERISA law and regulations and is in breach of its fiduciary duty.

WHEREFORE, Plaintiff is entitled to relief pursuant to ERISA including but not limited:

(a) Payment of benefits in the amount of $2,355.16 per month for the period from October 27, 2000 together with costs and interest;

(b) $100.00 per day from October 27, 2000, the date of Defendant's failure to provide the benefits to Plaintiff;

(c) recovery of benefits due;

(d) clarification of her rights to future benefits;

(e) appropriate relief for Defendant's breach of its fiduciary duties;

(f) injunctive relief for violations of ERISA and the terms of the relevant pension plans;

(g) other appropriate equitable relief to redress such violations and/or to enforce ERISA and other relevant plans;

(h) punitive damages;

(i) damages for emotional distress; and

(j) attorney's fees and costs .

                                              SACCHETTA & BALDINO

                              By: _____
                                   THOMAS F. SACCHETTA
                                   Attorney for Plaintiff

## VERIFICATION

    The undersigned verifies that the statements made in the foregoing document are true and correct to the best of his knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_____
THOMAS F. SACCHETTA
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

  Thomas F. Sacchetta, Esquire, attorney for Plaintiff, hereby certifies that a true and correct copy of the foregoing Plaintiff's Complaint was served via First Class Mail on July 19, 2002 on the following:

Colleen Gailbrath, Esquire<br>
White and Williams, LLP<br>
1800 One Liberty Place<br>
Philadelphia, PA 19103-7395

              _____
              THOMAS F. SACCHETTA
              Attorney for Plaintiff