*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| *CAROLYNNE PARK* | : | *CIVIL ACTION* |
| | : | |
| *v.* | : | *NO. 02 CV 3185* |
| | : | |
| *UNUM LIFE INSURANCE COMPANY* | : | |
| *OF AMERICA* | : | |

*ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,*
*UNUM LIFE INSURANCE COMPANY OF AMERICA*
*TO PLAINTIFF'S COMPLAINT*

Defendant, UNUM Life Insurance Company of America (hereinafter "UNUM Life"), by and through its attorneys, White and Williams LLP, hereby answers Plaintiff's Complaint as follows:

1.      Admitted based upon plaintiff's representation.

2.      Denied as stated.  It is admitted only that UNUM Life is incorporated in the State of Maine and has its principle place of business at 2211 Congress Street, Portland Maine, 04122. Therefore, UNUM Life is a citizen of the State of Maine for the purposes of this action.

3.      Denied as stated.  It is admitted only that in or around September 1, 1997, answering defendant delivered a group insurance policy to the policyholder, plaintiff's former employer, Fiserv, Inc., bearing policy number 339394 001.  Plaintiff did not attach a copy of the policy as Exhibit "A" to the federal complaint mailed to defense counsel.  A true and correct copy of group insurance policy number 339394 001 delivered to policyholder Fiserv, Inc. is attached hereto as Exhibit "A".  The remaining averments of this paragraph are denied.

4.      Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said

averments are denied.  All allegations that plaintiff is in a permanent state of disability are specifically denied.  Answering defendant incorporates the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

5.      Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  By way of further answer, answering defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

6.      Admitted in part; denied in part.  It is admitted only that answering defendant paid benefits on the policy to plaintiff for the 24 month period of October 24, 1998 through October 27, 2000.  It is specifically denied that answering defendant stopped payment on the claim without justification.  By way of further response, answering defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

7.      Admitted in part; denied in part.  While it is admitted that plaintiff and/or her attorney contacted answering defendant subsequent to October 27, 2000 seeking continued disability benefits, the remaining averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the averments of this paragraph are denied.  All allegations that plaintiff is in a permanent state of disability are denied.  All allegations that plaintiff is entitled to future benefits is denied.  By way of further response, answering defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

-2-

8.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  By way of further response, answering defendant incorporates the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

9.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.

10.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  By way of further response, answering defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

11.     Admitted in part; denied in part.  It is admitted only that the policy contained a provision providing a cost of living adjustment under the terms of the policy.  The policy is in writing and speaks for itself.  The remaining averments are denied.

12.     Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, said averments are denied.  By way of further response, it is specifically denied that plaintiff is entitled to benefits pursuant to the policy under all of the circumstances as presented to answering defendant.

### *COUNT I*

13.     Answering defendant incorporates by reference its answers to paragraph 1

through 12 of the Plaintiff's Complaint as though the same were fully set forth at length herein.

14.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  In further answer and response, but not in derogation of the foregoing, UNUM Life admits that it has been and continues to be the Claims Administrator of Policy No. 339394 001.  The policy is in writing and speaks for itself.  <u>See</u> Exhibit "A" attached hereto. To the extent the averments of this paragraph concern a person and/or entity other than answering defendant, said averments are denied.

15.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  By way of further response, answering defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

16.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  By way of further response, answering defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

17.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  By way of further response, answering defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at

length herein.

18.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  By way of further response, answering defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

19.     Denied.  The policy is in writing and speaks for itself.

20.     Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, said averments are denied.  It is specifically denied that benefit payments are due and owing to plaintiff under the terms of the policy under all of the circumstances as presented.

21.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  By way of further response, answering defendant incorporates by reference its Answer to paragraph 14 and the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

**WHEREFORE,** Defendant, UNUM Life Insurance Company, prays that the Complaint against it be dismissed and that it be granted such other and further relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations in the Complaint fail to state a cause of action upon which relief can be

granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff is not disabled within the meaning of the policy and this constitutes a complete defense to the claims contained in Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance policy or plan at issue.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., which precludes any related state law causes of action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's remedies, if any, are limited to those provided under ERISA and her damages, if any, are subject to the restrictions, deductions and offsets contained in the policy.

### SIXTH AFFIRMATIVE DEFENSE

The Court's review of this matter is limited to the administrative record before the Claims Administrators at the time of the denial of Plaintiff's claim.

### SEVENTH AFFIRMATIVE DEFENSE

No payments are owed to the Plaintiff under the terms and conditions of the said policy or plan.

### *EIGHTH AFFIRMATIVE DEFENSE*

Plaintiff's eligibility for benefits is subject to the restrictions contained in the policy or plan.

### *NINTH AFFIRMATIVE DEFENSE*

This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

### *TENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims for benefits under the policy were properly denied by UNUM Life.

### *ELEVENTH AFFIRMATIVE DEFENSE*

Answering defendant asserts any and all defenses available to it under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

### *TWELFTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred by the doctrines of estoppel, laches, equitable estoppel and waiver.

### *THIRTEENTH AFFIRMATIVE DEFENSE*

Plaintiff has failed to satisfy one or more conditions precedent for coverage under the contract.

### *FOURTEENTH AFFIRMATIVE DEFENSE*

Pennsylvania law does not permit claims for future payments under an income disability policy.

### *FIFTEENTH AFFIRMATIVE DEFENSE*

Plaintiff has not submitted appropriate or sufficient medical proof on her claim of total disability under the policy and, therefore, is not entitled to benefits.

### *SIXTEENTH AFFIRMATIVE DEFENSE*

Plaintiff may have had other reasons, unrelated to her claimed disability, for stopping work.

### *SEVENTEENTH AFFIRMATIVE DEFENSE*

Answering defendant owes no obligation under the contract to pay benefits.

### *EIGHTEENTH AFFIRMATIVE DEFENSE*

UNUM Life's denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

### *NINETEENTH AFFIRMATIVE DEFENSE*

UNUM Life's factual determinations resulting in the denial of the benefits was, under all of the circumstances, reasonable.

### *TWENTIETH AFFIRMATIVE DEFENSE*

Plaintiff's claims for damages, including claims for future disability benefits, injunctive relief, interest, counsel fees, costs, punitive damages, damages for emotional distress and other equitable or remedial remedies, including her claim for sanctions, and including any claims for breach of contract or extra-contractual damages, are barred and/or preempted by one or more provisions of ERISA, 29 U.S.C. §1001, et seq.

### *TWENTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiff's claims for future benefits are legally improper and, at most, Plaintiff would only be entitled to monthly benefits upon continued proof of disability and subject to all the terms of the policy and the Plan.

### *TWENTY-SECOND AFFIRMATIVE DEFENSE*

Under all the circumstances, Plaintiff is owed no benefits under the policy, or interest, costs and/or attorneys fees.

### *TWENTY-THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations under ERISA and under the terms of the policy.

### *TWENTY-FOURTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are or may be barred in whole or in part by any other applicable statute of limitations.

### *TWENTY-FIFTH AFFIRMATIVE DEFENSE*

UNUM Life is the Claims Administrator relative to the policy at issue, not the Plan, Plan Administrator or Plan Sponsor, therefore any claim by Plaintiff of entitlement to statutory penalties under ERISA against UNUM Life are improper and fail to state a claim against UNUM Life.

### *TWENTY-SIXTH AFFIRMATIVE DEFENSE*

Answering Defendant has discretionary authority to determine Plaintiff's eligibility for benefits and its decisions were not arbitrary and capricious.

### *TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

Answering Defendant is not equitably estopped from denying Plaintiff's claim for future coverage.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by a settlement agreement executed by Plaintiff.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Any relief awarded to Plaintiff should be reduced or offset by Social Security Disability benefits or any other benefits with which the subject policy integrates, or should be otherwise reduced as required by law.

### THIRTIETH AFFIRMATIVE DEFENSE

The allegations in the Complaint fail to state a cause of action pertaining to any claim for attorneys fees, interest, costs and other damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

No payments are owed to Plaintiff under the terms and conditions of the policy.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for sanctions violates Defendant's procedural and substantive due process rights under the United States Constitution, violates Defendant's rights under the Eighth Amendment and violates Defendant's rights under the Constitution of the State of Pennsylvania.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

### *THIRTY-FOURTH AFFIRMATIVE DEFENSE*

Where Plaintiff has an adequate remedy under 29 U.S.C. §1132(a)(1)(B) [ERISA §502(a)(1)(B)], it is improper for Plaintiff to assert claims for fiduciary breach or other equitable remedies as Plaintiff has alleged in her Complaint.

### *THIRTY-FIFTH AFFIRMATIVE DEFENSE*

The Plaintiff's claims are or may be barred, in whole or in part, by failure of consideration.

### *THIRTY-SIXTH AFFIRMATIVE DEFENSE*

Plaintiff's claimed disability, if any, may be caused by a pre-existing condition for which no benefits are owed under the terms and conditions of the policy.

### *THIRTY-SEVENTH AFFIRMATIVE DEFENSE*

Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted.

### *THIRTY-EIGHTH AFFIRMATIVE DEFENSE*

Plaintiff's claim of disability is not supported under all the circumstances and any failure on the part of the Plaintiff to be working in the occupation she was engaged in when she allegedly first became disabled was due to Plaintiff's own choice and/or caused by circumstances other than Plaintiff's claimed disability.

### *THIRTY-NINTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred in whole or in part by Plaintiff's own delay in furnishing proof of loss which, in the absence of legal capacity, bars Plaintiff's claims.

### *FORTIETH AFFIRMATIVE DEFENSE*

UNUM Life is not a proper party responsible under the penal provisions of ERISA as pled by Plaintiff and such fact operates as a complete defense to the claim for sanctions against UNUM Life.

### *FORTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiff was provided a full and fair review and consideration of her claim and Plaintiff's Complaint fails to state a claim for any alleged failure in this regard.

### *FORTY-SECOND AFFIRMATIVE DEFENSE*

UNUM Life, as the Claims Administrator and not the Plan Administrator, Employer or Plan Sponsor, cannot be liable for ERISA statutory penalties as alleged by Plaintiff.

### *FORTY-THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred in whole or in part by the Doctrines of Accord and Satisfaction.

**WHEREFORE,** Defendant, UNUM Life Insurance Company, prays that the Complaint against it be dismissed and that it be granted such other and further relief as is just and appropriate.

*WHITE AND WILLIAMS LLP*

*By:* _____

*ANDREW F. SUSKO, ESQUIRE*

**COLLEEN A. GALBRAITH, ESQUIRE**
Attorney I.D. Nos. 35664/76577
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-6228/7031
Attorneys for Defendant, UNUM Life Insurance
Company of America

**DATED:   AUGUST 8, 2002**


## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| **CAROLYNNE PARK** | : | **CIVIL ACTION** |
| | : | |
| *v.* | : | **NO. 02 CV 3185** |
| | : | |
| **UNUM LIFE INSURANCE COMPANY** | : | |
| **OF AMERICA** | : | |


## CERTIFICATE OF SERVICE

    Colleen A. Galbraith, Esquire certifies that on the 8th day of August, 2002, she caused a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant, UNUM Life Insurance Company to Plaintiff's Complaint to be served upon the following person, counsel for the Plaintiff, by first class mail, postage prepaid as follows:

Thomas F. Sacchetta, Esquire
PLATT, DIGIORGIO & DIFABIO
1800 E. Lancaster Avenue
Paoli, PA 19302


_____
**COLLEEN A. GALBRAITH, ESQUIRE**