IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYNNE PARK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02 CV 3185 |
| | : | |
| UNUM LIFE INSURANCE COMPANY | : | |
| OF AMERICA | : | |

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, UNUM LIFE INSURANCE COMPANY OF AMERICA TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, UNUM Life Insurance Company of America (hereinafter "UNUM Life"), by and through its attorneys, White and Williams LLP, hereby answers Plaintiff's Complaint as follows:

1. Admitted based upon plaintiff's representation.

2. Denied as stated. It is admitted only that UNUM Life is incorporated in the State of Maine and has its principle place of business at 2211 Congress Street, Portland Maine, 04122. Therefore, UNUM Life is a citizen of the State of Maine for the purposes of this action.

3. Denied as stated. It is admitted only that in or around September 1, 1997, Answering Defendant delivered a group insurance policy to the policyholder, plaintiff's former employer, Fiserv, Inc., bearing policy number 339394 001. Plaintiff did not attach a copy of the policy as Exhibit "A" to the federal complaint mailed to defense counsel. A true and correct copy of group insurance policy number 339394 001 delivered to policyholder Fiserv, Inc. is attached hereto as Exhibit "A". The remaining averments of this paragraph are denied.

4. Denied as stated. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, said averments are denied. It is admitted that plaintiff submitted a claim to UNUM for disability benefits

dated May 18, 1998. All allegations that plaintiff is in a permanent state of disability or that plaintiff is entitled to future benefits under the policy are specifically denied. By way of further answer, Answering Defendant incorporates the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

5. Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, said averments are denied. It is specifically denied that plaintiff paid all premiums due on the policy. By way of further answer, Answering Defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

6. Admitted in part; denied in part. It is admitted only that Answering Defendant paid benefits on the policy to plaintiff for the twenty-four (24) month period of October 24, 1998 through October 27, 2000. By way of further answer, Defendant paid plaintiff more than $55,000.00 in benefits. It is specifically denied that Answering Defendant stopped payment on the claim without justification. To the contrary, plaintiff was no longer entitled to benefits under terms and conditions of the policy. By way of further response, Answering Defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

7. Admitted in part; denied in part. While it is admitted that plaintiff and/or her attorney contacted Answering Defendant subsequent to October 27, 2000 seeking continued disability benefits, the remaining averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the averments of this paragraph are denied. All allegations that plaintiff is in a permanent state of disability are denied. All allegations

that plaintiff is entitled to future benefits is denied. By way of further response, Answering Defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

8. Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, said averments are denied. By way of further response, Answering Defendant incorporates the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

9. Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, said averments are denied.

10. Admitted in part; denied in part. It is admitted only that plaintiff has exhausted all administrative remedies pursuant to the Employee Retirement Income Security Act (ERISA). The remaining averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, said averments are denied. By way of further response, Answering Defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

11. Admitted in part; denied in part. It is admitted only that the policy contained a provision providing a cost of living adjustment under the terms of the policy. The policy is in writing and speaks for itself. The remaining averments are denied.

12. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, said averments are denied. By

way of further response, it is specifically denied that plaintiff is entitled to benefits pursuant to the policy under all of the circumstances as presented to Answering Defendant.

### *COUNT I*

13.     Answering Defendant incorporates by reference its answers to paragraph 1 through 12 of the Plaintiff's Complaint as though the same were fully set forth at length herein.

14.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  In further answer and response, but not in derogation of the foregoing, UNUM Life admits that it has been and continues to be the Claims Administrator of Policy No. 339394 001.  The policy is in writing and speaks for itself.  See Exhibit "A" attached hereto.  To the extent the averments of this paragraph concern a person and/or entity other than Answering Defendant, said averments are denied.

15.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, said averments are denied.  It is specifically denied that Defendant failed to provide plaintiff with the benefits due her under the terms of the policy and plan.  To the contrary, Defendant paid benefits to plaintiff totaling over $55,000.00 for the twenty-four (24) month period from October 1998 to October 2000.  No additional benefits are due and owing pursuant to the terms and conditions of the policy under the circumstances as presented to Answering Defendant.  By way of further response, Answering Defendant incorporates by reference its answer to paragraph 6 of plaintiff's Amended Complaint and the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

16.	Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, said averments are denied. By way of further response, Answering Defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

17.	Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, said averments are denied. By way of further response, Answering Defendant incorporates by reference its answers to paragraphs 6 and 15 of plaintiff's Amended Complaint and the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

18.	Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, said averments are denied. It is specifically denied that Defendant stopped paying benefits to plaintiff without good cause or in breach of its fiduciary duty. By way of further response, Answering Defendant incorporates by reference its answers to paragraphs 6 and 15 of plaintiff's Amended Complaint and the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

19.	Denied. The policy is in writing and speaks for itself. See Exhibit "A".

20.	Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, said averments are denied. It is specifically denied that benefit payments are due and owing to plaintiff under the terms of the policy under all of the circumstances as presented. It is further denied that plaintiff has no other source of income. To the contrary, UNUM believes and therefore avers that plaintiff is receiving benefits from

Social Security and further states that UNUM is entitled to an offset for Social Security benefits, any other benefits integrated by the terms of the policy and any monies received as a result of plaintiff's lawsuit stemming from plaintiff's 1998 motor vehicle accident. By way of further response, Answering Defendant incorporates by reference the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

21. Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, said averments are denied. Answering Defendant incorporates by reference its answers to paragraphs 6, 14 and 15 of plaintiff's Amended Complaint and the Affirmative Defenses set forth below as though the same were fully set forth at length herein.

*WHEREFORE*, plaintiff is not entitled to the relief she seeks including but not limited to the damages set forth in (a) through (j) of her Amended Complaint.

### *COUNT II*

22. Answering Defendant incorporates by reference its answers to paragraph 1 through 21 of the Plaintiff's Complaint as though the same were fully set forth at length herein.

23-24. Plaintiff's Count for bad faith has been stricken by the Court's Order dated October 29, 2002 and, therefore, no responsive pleading is required.

*WHEREFORE,* Defendant, UNUM Life Insurance Company, prays that the Amended Complaint against it be dismissed and that it be granted such other and further relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is not disabled within the meaning of the policy and this constitutes a complete defense to the claims contained in Plaintiff's Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

The Court's review of this matter is limited to the administrative record before the Claim Administrator at the time of the denial of Plaintiff's claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy one or more conditions precedent for coverage under the contract.

### FOURTH AFFIRMATIVE DEFENSE

UNUM Life had discretionary authority to determine plaintiff's eligibility for benefits and its denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by a settlement agreement executed by Plaintiff in connection with a lawsuit filed as a result of plaintiff's 1998 motor vehicle accident.

### SIXTH AFFIRMATIVE DEFENSE

Any relief awarded to Plaintiff should be reduced or offset by Social Security Disability benefits or any other benefits with which the subject policy integrates, by any monies received as a result of the lawsuit filed following the 1998 motor vehicle accident, or otherwise reduced as required by law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed disability, if any, may be caused by a pre-existing condition for which no benefits are owed under the terms and conditions of the policy.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim of disability is not supported under all the circumstances and any failure on the part of the Plaintiff to be working in the occupation she was engaged in when she allegedly first became disabled was due to Plaintiff's own choice and/or caused by circumstances other than Plaintiff's claimed disability.

### NINTH AFFIRMATIVE DEFENSE

UNUM Life, as the Claims Administrator and not the Plan Administrator, Employer or Plan Sponsor, cannot be liable for ERISA statutory penalties as alleged by Plaintiff.

**WHEREFORE,** Defendant, UNUM Life Insurance Company, prays that the Amended Complaint against it be dismissed and that it be granted such other and further relief as is just and appropriate.

### WHITE AND WILLIAMS LLP

By: _____
*ANDREW F. SUSKO, ESQUIRE*
*COLLEEN A. GALBRAITH, ESQUIRE*
Attorney I.D. Nos. 35664/76577
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-6228/7031
Attorneys for Defendant, UNUM Life Insurance Company of America

DATED: November 22, 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYNNE PARK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02 CV 3185 |
| | : | |
| UNUM LIFE INSURANCE COMPANY | : | |
| OF AMERICA | : | |

### CERTIFICATE OF SERVICE

Colleen A. Galbraith, Esquire certifies that on the 22 day of November, 2002, she caused a true and correct copy of the foregoing Amended Answer and Affirmative Defenses of Defendant, UNUM Life Insurance Company to Plaintiff's Complaint to be served upon the following person, counsel for the Plaintiff, by first class mail, postage prepaid as follows:

Thomas F. Sacchetta, Esquire
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063

_____
*COLLEEN A. GALBRAITH, ESQUIRE*